CHIASSON, Judge:
This is a suit for damages for personal injuries arising out of an accident in which Johnny Winslow, Sr., was injured by an exploding tire rim. The defendant is Wind-ham Power Lifts, Inc. After trial on the merits before a jury, a verdict was handed down in favor of defendant. From the judgment of dismissal rendered pursuant thereto, plaintiff has appealed.
Defendant Windham manufactures fork lift trucks. One of these was sold to Hel-denbrand, Inc. The tires on the fork lift were mounted on a two-piece split rim, known as the RH5° rim, manufactured by Firestone Tire and Rubber Company.
Because of a flat tire on one of the front wheels of the fork lift, Heldenbrand called the local service center of Goodyear Tire and Rubber Company. Goodyear sent plaintiff to repair the tire.
Plaintiff testified that he saw the fork lift being driven as he arrived at Helden-brand’s place of business, and drove his truck to the lift. The left front tire was flat. He put a jack under the axle of the fork lift, while straddling the flat tire and the wheel with his legs. He testified that as he straightened up to reach for the jack handle, the rim suddenly separated from the rest of the wheel with great force, striking plaintiff’s left leg, which was between the wheel and the body of the fork lift, and causing the injuries complained of.
Plaintiff claims that there was a defect in the design of the rim; that, regardless of the existence of a defect, the rim was unreasonably dangerous in normal use; and that Windham failed to warn plaintiff of the manner in which the rim could be safely used. It is contended that under any one of these theories, Windham is liable for the injuries suffered by plaintiff.
The jury specifically found against the plaintiff as to the first two claims mentioned above. It further found that Wind-ham had failed to warn plaintiff of “the manner in which the fork lift could be safely used,” but that the failure was not a proximate cause of the injury suffered by plaintiff.
*463 We find that there is no manifest error in any of the foregoing conclusions, based on a careful study of the record herein. However, we further find that a detailed analysis of the record is unnecessary since it is clear that plaintiff assumed the risk of the accident which occurred.
Plaintiff’s own testimony shows that he had been a tire repairman for from 10 to 13 years; that he was familiar with the hazards of working with split rim wheels; and that he was aware that the rim could become unseated, and therefore hazardous, when the vehicle is operated while the tire is flat. He was aware that all risk could be eliminated by removing the valve core from the valve stem of the tire, thereby relieving the air pressure in the tire, and that there could be no rim failure if there were no air pressure in the tire. Plaintiff further testified that he had changed over 500 tires on split rim type wheels, and that he had received safety instructions in handling split rims on more than one occasion.
He saw the fork lift being operated when he arrived to make the repair, and knew that there was pressure in the tire before he began the repair because he heard air escaping from it. Under those circumstances, we think it clear that plaintiff was aware of the risks involved, and assumed those risks when he carelessly straddled the wheel and placed the jack without first relieving the pressure in the tire. He is therefore precluded from recovery.
In view of our holding, we find it unnecessary to consider the other assignments of error made herein by plaintiff.
The judgment appealed from is affirmed, at plaintiff’s cost.
AFFIRMED.